**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAUL RENO LIVINGOOD,** | ) | |
| Petitioner, | ) | **Civil Action No. 11-19 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | **Magistrate Judge Susan Paradise Baxter** |
| **ARCHIE B. LONGLEY, et al.,** | ) | |
| Respondents. | ) | |

**OPINION AND ORDER**[1]

Pending before the Court is Petitioner Paul Reno Livingood's petition for a writ of habeas

corpus, which he has filed pursuant to 28 U.S.C. § 2241.[2]  He challenges the calculation of his Good

Conduct Time ("GCT") credits.

For the reasons set forth below, the Court will deny the petition.

**I.**

**A.**    **Relevant Statutory, Regulatory, and Policy Background**

The conduct connected with Petitioner's federal offenses was deemed to have concluded on

August 15, 2006.  Accordingly, the computation of his GCT is governed by the provisions of the Prison

Litigation Reform Act ("PLRA"), which applies to inmates whose offenses were committed on or after

April 26, 1996.

The PLRA contains two literary provisions.  The first is mandatory.  Codified at 18 U.S.C.

§ 3624(f), it requires the Bureau of Prisons (the "Bureau" or the "BOP") "to have in effect a mandatory

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]    In several documents in the record, Petitioner's last name is spelled "Livengood."  However, because he spelled it "Livingood" in his initial filing with this Court, that is the spelling listed on the docket.

functional literacy program for all mentally capable inmates who are not functionally literate in each Federal correctional institution."  It further requires that each program "shall include a requirement that each inmate participate in such program for a mandatory period sufficient to provide the inmate with an adequate opportunity to achieve functional literacy, and appropriate incentives which lead to successful completion of such programs shall be developed and implemented."  18 U.S.C. § 3624(f).  In its implementing regulations, the Bureau requires an inmate "who does not have a verified General Education Development (GED) credential or a high school diploma" to "attend an adult literacy program for a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first."  28 C.F.R. § 544.70.

The second provision is non-mandatory.  It is codified at 18 U.S.C. § 3624(b)(1), and it provides, in relevant part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year[,] … *may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment*, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations…  [I]f the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.  *In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree*.  Credit that has not been earned may not later be granted.  Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1) (emphasis added).

The Bureau's relevant rules implementing § 3624(b)(1) are at 28 C.F.R. § 523.20(c).  This regulation provides, in relevant part, that for PLRA inmates the Bureau will award:

> (1)  54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) *if the*

2

> *inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma*; or
>
> (2)  42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) *if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma*.

28 C.F.R. § 523.20(c) (emphasis added).

The Bureau explains what will constitute "satisfactory progress toward earning a GED credential or high school diploma" for a PLRA inmate in 28 C.F.R. § 544.73, and also explains what will occur if the inmate is found not to be making "satisfactory progress":

> (b)(1)  For the purposes of 18 U.S.C. 3624, an inmate subject to … the Prison Litigation Reform Act of 1995 (PLRA) *shall be deemed to be making satisfactory progress toward earning a GED credential or high school diploma unless and until the inmate receives a progress assignment confirming that*:
>
> > (i)  The inmate refuses to enroll in the literacy program;
> >
> > (ii)  The inmate has been found to have committed a prohibited act that occurred in a literacy program during the last 240 instructional hours of the inmate's most recent enrollment in the literacy program; or
> >
> > *(iii)  The inmate has withdrawn from the literacy program.*
> >
> > (2)  When an inmate subject to … [the] PLRA receives a progress assignment indicating that the inmate is not making satisfactory progress, the assignment shall be changed to indicate satisfactory progress *only after the inmate is currently and continuously enrolled in a literacy program for a minimum of 240 instructional hours.*  Any further withdrawal or finding that the inmate has committed a prohibited act in a literacy program during the last 240 instructional hours of the inmate's most recent enrollment in the literacy program shall result in a progress assignment indicating that the inmate is again not making satisfactory progress (see paragraphs (b)(1)(ii) and (iii) of this section).

> (c)  At the end of 240 instructional hours, excluding sick time, furloughs, or other absences from scheduled classes, the unit team during scheduled program review sessions shall meet with the inmate to encourage continued participation in the literacy program until the inmate earns a GED credential or high school diploma.  At these meetings, the inmate may elect not to continue in the literacy program, and no disciplinary action will be taken.  The inmate may not discontinue this program when participation is mandated by statute.

28 CFR § 544.73(b)-(c) (emphasis added).

The Bureau's Program Statement 5350.28, <u>Literacy Program</u> (GED Standard), provides additional instruction to its "education staff and inmates how the Bureau operates its literacy program." Program Statement 5350.28 at 1.  It instructs staff:

e.    **Entering Progress Assignment in SENTRY.**  You should use the UPDATE INMATE ASSIGNMENT SENTRY transaction to enter EDI GED Needs and Progress Assignments for all inmates.

Use one of two literacy program EDI Progress Assignments to record GED progress:

- GED SAT for satisfactory progress and

- GED UNSAT for unsatisfactory progress.

(1)    *Give an EDI GED Progress Assignment of GED SAT to an inmate when he/she completes the first 240 instructional hours in the literacy program if he/she*

- *continues to remain in the program* and

- does not have an incident report showing that he/she was found guilty of an earlier violation in a literacy program.  If found guilty, he/she will be given a GED UNSAT Progress Assignment and he/she will have to complete **another 240** instructional hours before he/she can receive a GED SAT Progress Assignment.  The instructional hours prior to the incident report will not be counted toward the 240 instructional hours for the GED SAT Progress Assignment.

  *If an inmate withdraws voluntarily* (regardless of the deportation status*) from the GED program, he/she will need to complete another 240 instructional hours before he/she can receive a GED SAT Progress Assignment.*

  *The instructional hours from his/her previous enrollment will not be counted toward the 240 instructional hours needed for the GED SAT Progress Assignment.*

- If the inmate attains his/her GED credential during the initial 240 hours, do not assign him/her a progress assignment.  If an inmate attains his/her GED credential after the initial 240 hours, his/her current progress assignment should be removed.

  - - -

(2)    Give an EDI GED UNSAT Progress Assignment to any inmate who

4

- refuses to enroll in the literacy program;

- is found guilty of a violation in a literacy program.  The effective date of the EDI GED UNSAT Progress Assignment is the date when the Unit Discipline Committee (UDC) or Discipline Hearing Officer (DHO) finds the inmate guilty.

    Once found guilty of a Prohibited Act that occurs in the literacy program, he/she will have to complete another 240 instructional hours before he/she can have a GED SAT Progress Assignment; or

- *drops out of the literacy program after 240 instructional hours.  The inmate may not be deemed to be making satisfactory progress with respect to the VCCLEA and the PLRA.*

    *However, he/she will be deemed to meet the mandatory literacy attendance (240 instructional hours) requirement.*

Program Statement 5350.28 at 30-31 (bolded text in original; additional emphasis added).


**B.**     **Relevant Factual Background**

On December 3, 2007, Petitioner was sentenced in the U.S. District Court for the Western District of Pennsylvania to a total term of imprisonment of 70 months, for Possession of a Firearm by a Convicted Felon and Possession of an Unregistered Firearm, in violation of 18 U.S.C. § 922(g)(1) and 26 U.S.C. § 5861(d), respectively.

On January 23, 2008, Petitioner was designated to the U.S. Penitentiary ("USP"), Canaan.  In March of that same year, he enrolled in the Pre-GED class.  On March 28, 2008, he was moved from the Pre-GED class to the Special Learning Needs ("SLN"), and on April 4, 2008, he was moved from the SLN class to the Literacy class.  (See Resp's Ex. 1f, Transcript, ECF No. 13-1 at 42; Resp's Ex. 1g, Program Review/Withdrawal Interview, ECF. No. 13-1 at 44).

On May 1, 2008, Petitioner was transferred from USP Canaan to the Federal Correctional Institution ("FCI") McKean.  From June 2, 2008, through January 28, 2010, he participated in its GED class.  By December 2, 2008, he had earned 240 credit hours in the Literacy Program, and was making

"good progress" and was demonstrating "good effort."  From July 1, 2009, through August 27, 2009, he

also participated in the Adult Continuing Education ("ACE")-GED Preparation class.  By August 19,

2009, he had completed 480 credit hours in the Literacy Program and was making "good progress" and

was demonstrating "good effort."  (See Resp's Ex. 1f, Transcript, ECF No. 13-1 at 42; Resp's Ex. 1g,

Program Review/Withdrawal Interview, ECF. No. 13-1 at 44).

On January 28, 2010, Petitioner voluntarily withdrew from the GED class.  On that same date, he

started a Computer Vocational Training ("VT") class.  He also enrolled in the Life Skills program,

which is officially known as the GOALS program.  On February 8, 2010, it was noted that he completed

Domain I of the GOALS curriculum.  However, by February 24, 2010, he complained about the class

work and was observed sleeping in class.  The next day, he reported that he wanted to quit the class.  He

was advised that if he did, a consequence would be a reduction in his GCT earning rate.  (Resp's Ex. 2,

Flatt Dec. ¶ 2, ECF No. 13-2 at 2; Resp's Ex. 1f, Transcript, ECF No. 13-1 at 42; Resp's Ex. 1g, Program

Review/Withdrawal Interview, ECF. No. 13-1 at 44).

On March 5, 2010, Petitioner withdrew from the GOALS program.  Education staff once again

advised him of the consequences, since that would mean that he would no longer be taking any GED

and/or Literacy classes, and they encouraged him to remain in the program.  Petitioner was specifically

counseled that his status would change from "GED Satisfactory Progress" to "GED Unsatisfactory

Progress."  As an inmate in GED Unsatisfactory Progress status, and in accordance with 28 C.F.R.

§ 523.20(c), he would be eligible to receive a maximum of 42 days of GCT per year served, not the

maximum 54 days of GCT that inmates making satisfactory progress are eligible to earn.  After

Petitioner was counseled by staff, he signed a GED Program Withdrawal/Refusal form, reflecting that he

had voluntarily withdrawn from the classes and understood that there would be a reduction in the

amount of GCT he would be eligible to earn.  (Resp's Ex. 2b, GED Program Withdrawal/Refusal Form,

ECF No. 13-2 at 11; Resp's Ex. 1f, Transcript, ECF No. 13-1 at 42; Resp's Ex. 1g, Program

Review/Withdrawal Interview, ECF. No. 13-1 at 44; see also Pet's Ex. 1, Transcript as of April 1, 2011,

ECF No. 12 at 3).[3]

      Petitioner has been in GED Unsatisfactory Progress status since March 5, 2010.  (See Resp's

Ex. 1h, Inmate History, Education Information, ECF No. 13-1 at 46; see also Pet's Ex. 1, Transcript as of

April 1, 2011, ECF No. 12 at 3).  In accordance with Bureau policy set forth in Program Statement

5350.28, he will remain in GED Unsatisfactory Progress status until he re-enrolls in Literacy and/or

GED classes and completes an additional 240 credit hours (without withdrawal or removal).  Program

Statement 5350.28 ("If an inmate withdraws voluntarily … from the GED program, he/she will need to

complete another 240 instructional hours before he/she can receive a GED SAT Progress Assignment.

The instructional hours from his/her previous enrollment will not be needed for the GED SAT Progress

Assignment.").  (See also Resp's Ex. 2, Flatt Dec. ¶ 2).

      Petitioner's Bureau records confirm that has not been subjected to disciplinary action.  (Resp's

Ex. 1i, Inmate Discipline Data, ECF No. 13-1 at 48).

      On May 20, 2010, Petitioner filed an administrative remedy request in which he challenged the

fact that he is now only eligible to receive 42 days of GCT credit a year.  He also contended that he was

being "punished" for withdrawing from the literacy program after he had participated in the mandatory

240 hours' of instruction, in violation of 28 C.F.R. § 544.73(2)(c), which, as set forth above, states that

"the inmate may elect not to continue in the literacy program, and no disciplinary action will be taken."

(Resp's Ex. 1(b), Administrative Remedy Case No. 591328, ECF No. 13-1 at 9).

---

[3]      Because he withdrew from the GOALS program, Petitioner was removed from the Computer VT Office 2000 class. His removal from that class was based upon Bureau policy (set forth in Program Statement 5353.01, Occupational Educational Programs), which requires vocational training students to maintain concurrent enrollment in the literacy program.  (Resp's Ex. 2, Flatt Dec. ¶ 2, ECF No. 13-2 at 2; Resp's Ex. 1f, Transcript, ECF No. 13-1 at 42).

Respondent Archie B. Longley, the Warden of FCI McKean, denied Petitioner's administrative remedy request.  He first explained that Petitioner's educational records indicate that he had completed 573 of instructional hours, and therefore he had satisfied the *mandatory* requirement that inmates in his circumstance "attend an adult literacy program for a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first."  28 C.F.R. § 544.70.  Warden Longley further explained that, because Petitioner decided to opt out of the GED and/or literacy classes on March 5, 2010, he no longer was in compliance with the *non-mandatory* program, and thus no longer eligible to receive the maximum amount of GCT credits:

> [I]nmates may opt out of the literacy program after 240 instructional hours.  Records confirm that you elected to withdraw from the literacy program on March 5, 2010.  The withdrawal form states that by signing the withdrawal form you acknowledge the consequences of dropping out of the program.  Consequence number one states you will be categorized as a "GED UNSAT," and if you are sentenced under the Prison Litigation Reform Act (PLRA), you will accumulate 42 days of good time per year with the last partial year prorated on 42 days.

> You also reference 28 Code of Federal Regulations regarding literacy requirements and withdrawal procedures.  You contend that federal law prevents disciplinary action to be taken against inmates that withdraw from the literacy program.  Bureau of Prisons records indicate that no incident reports or any disciplinary action was taken against you regarding your withdrawal.  Your loss of 12 days of good time is a consequence of your withdrawal, not a type of disciplinary action.

(Resp's Ex. 1(b), Administrative Remedy Case No. 591328, ECF No. 13-1 at 11).  The Regional Director denied Petitioner's subsequent appeal, and on February 4, 2011, the Administrator, National Inmate Appeals, denied Petitioner's final appeal.  (Resp's Ex. 1(b), Administrative Remedy Case No. 591328, ECF No. 13-1 at 14, 17).

Thereafter, Petitioner commenced habeas proceedings in this Court by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 5] and an accompanying brief [ECF No. 6].  Respondents have filed their Answer [ECF No. 13], to which Petitioner has filed a Reply [ECF No. 14].

**C.**     **Discussion**

Section 2241 provides, in relevant part, that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws … of the United States." 28 U.S.C. § 2241(c)(3).  For the reasons set forth below, Petitioner has not shown that the Bureau has violated federal law or his rights under the Constitution and, therefore, the petition must be denied.

Petitioner's GCT is being calculated in accordance with 18 U.S.C. § 3624, 28 C.F.R. § 523.20(c), 28 C.F.R. § 544.73(b)-(c), and Program Statement 5350.28.  As set forth above, after he completed the *mandatory* 240 instructional hours required by 28 C.F.R. § 544.70, he voluntarily withdrew from continued participation in the literacy program.  As a consequence, he was no longer participating in the *non-mandatory* instructional requirement, and, therefore, was eligible to receive only 42 days of CGT, in accordance with 28 C.F.R. § 523.20(c), § 544.73(b)-(c), and Program Statement 5350.28.

There is no basis for this Court to disturb the Bureau's decision that Petitioner is eligible to earn only 42 days of CGT.  Its decision is based upon its application of its regulations, which are entitled to substantial deference from this Court.  Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984).  Its decision is also in compliance with its internal agency guidelines, as set forth in Program Statement 5350.28, which, although not entitled to the deference described in Chevron, is entitled to "some deference" from this Court so long as it sets forth "a permissible construction of" the statutes at issue, which it does.  Blood v. Bledsoe, 648 F.3d 203, 208 (3d Cir. 2011), cert. denied, 132 S.Ct. 1068 (2012).  See also De La Cruz v. Zickefoose, 450 F.App'x 123, 126 (3d Cir. 2011) (rejecting the petitioner's argument that he should have been awarded 54 days of GCT because he had completed over 240 instruction hours:  "Completing 240 hours in § 3624(f)'s literacy program merely prevented the BOP from disciplining [the petitioner] when he decided to withdraw from the program.  See 28 C.F.R.

9

§ 544.73(c)…. [A]n inmate who completes 240 hours of instruction can still be deemed to not be making satisfactory progress if he withdraws from the GED program.").

Petitioner contends that the Bureau has violated its own regulations (28 C.F.R. § 544.73(2)(c)) because it punished him for withdrawing from the literacy program. He is incorrect. The record before this Court establishes that he was not subjected to disciplinary action. (Resp's Ex. 1i, Inmate Discipline Data, ECF No. 13-1 at 48). Nevertheless, as a consequence of his decision to no longer take part in the *non-mandatory* literacy program, he is not "making satisfactory progress toward earning a GED credential or high school diploma," and, therefore, is eligible to earn only 42 days of GCT for each year severed, in accordance with 28 C.F.R. § 523.20(c), § 544.73(b)-(c), and Program Statement 5350.28.

Finally, Petitioner argues that his due process rights have been violated. This claim also has no merit. As Respondents point out, although the Supreme Court has found that the *loss* of good conduct time entitles a prisoner to appropriate due process, see Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974), Petitioner has no liberty interest *in the opportunity to earn* good conduct time. See, e.g., Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (holding that inmate has not liberty interest in the opportunity to earn good time credit); Conlogue v. Shinbaum, 949 F.2d 378, 380 (11th Cir. 1991) (nothing that "[w]hen [a] statute is framed in discretionary terms there is not a liberty interest created") (internal quotation marks omitted). Petitioner's due process claim therefore fails because of the absence of a cognizable liberty interest.


**D.**     **Certificate of Appealability**

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement.

United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).  As such, this Court makes no certificate of appealability determination in this matter.


**II.**

     For the foregoing reasons, the petition for a writ of habeas corpus will be denied.  An appropriate order follows.

11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL RENO LIVINGOOD, | ) | |
| Petitioner, | ) | Civil Action No. 11-19 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ARCHIE B. LONGLEY, <u>et al.</u>, | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

AND NOW, this 13th day of April, 2012;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED.  The Clerk of Courts is hereby directed to close this case.

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc:     Notice by ECF to counsel of record and by U.S. mail to Petitioner at his address of record

12